IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-123-FL

| | |
|---|---|
| RENEE ELIZABETH VESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' Motions for Judgment on the Pleadings. (DE's-20 & 26). No responses or replies have been filed, and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter has been referred to the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-20) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-26) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

**Statement of the Case**

Plaintiff applied for supplemental security income and disability insurance benefits on April 23, 2009, alleging disability beginning April 22, 2009. (Tr. 16). Her claim was denied initially and upon reconsideration. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") who determined that Plaintiff was not disabled in a decision dated September 24, 2010.

*Id*. at 16-26. The Social Security Administration's Office of Disability Adjudication and Review ("Appeals Council") denied Plaintiff's request for review on May 11, 2012. *Id*. at 3. On July 10, 2012, the Appeals Council considered additional evidence submitted by Plaintiff, but "found no reason . . . to reopen and change the [ALJ's] decision. *Id*. at 1. Therefore, the ALJ's September 24, 2010 determination is Defendant's final decision. Plaintiff filed the instant action on June 22, 2012. (DE-1).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...

42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is ... such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported

by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

However, before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether Defendant has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See*, Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-440 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983). Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits, it is not possible to determine if the ALJ's decision is supported by substantial evidence. Arnold v. Secretary of Health, Ed. and Welfare, 567 F.2d 258, 259 (4th Cir. 1977). Remand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision. Ivey v. Barnhart, 393 F. Supp. 2d 387, 390 (E.D.N.C. September 29, 2005)(*Citing*, Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. ' 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. ' 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. ' 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. '

404.1520(e); 20 C.F.R. ' 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. ' 404.1520(f).

<u>Mastro v. Apfel</u>, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 22, 2009. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) degenerative joint disease of the hip; 2) degenerative disc disease; and 3) anxiety. *Id*. However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 19. Next, the ALJ determined that Plaintiff had the residual functional capacity to perform light work with certain exceptions. *Id*. at 20. Specifically, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds, or reaching and pulling, pushing and pulling of arm or leg controls using the extremities at the same 20 pounds occasionally and 10 pounds frequently limitations. The claimant can walk or stand 6 hours in an 8 hour workday, as well as sit 6 hours in an 8 hour workday, with an ability to alternate sitting and standing. The claimant is able to occasionally perform climbing of ramps and stairs and perform occasional balancing, stooping, kneeling, crouching or crawling motions. She has no visual, manipulative, communicative or environmental limitations. As to the claimant's mental ability to perform work activities, the claimant is not significantly limited in the mental ability to understand, remember, and carry out simple instructions, to use judgment, to respond appropriately to supervision, coworkers, and usual work situations, and to deal with changes in a routine work setting requiring elemental type tasks.
>
> *Id.*

The ALJ then determined that Plaintiff was unable to perform any of her past relevant work. *Id*. at 24. However, based on the testimony of a vocational expert, the ALJ found that there are jobs

4

Case 4:12-cv-00123-FL   Document 29   Filed 04/08/13   Page 4 of 9

that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* at 25-26. Based on these findings, the ALJ determined that Plaintiff had not been under a disability from April 22, 2009 through September 24, 2010. *Id.* at 26.

**The ALJ did not properly address the opinion of Dr. Joey Thomas**

The undersigned recommends remand because the ALJ did not properly address the medical opinions of Dr. Joey Thomas. Dr. Thomas examined Plaintiff on September 1, 2009. *Id.* at 363. He noted that Plaintiff had weakness and pain in her right lower extremity. *Id.* Plaintiff was not able to stand on her heels. *Id.* at 364. Dr. Thomas diagnosed Plaintiff with: 1) hip pain; 2) sacroiliac joint dysfunction; 3) trochanteric bursitis; and 4) iliotibial band syndrome. *Id.* Plaintiff was examined again by Dr. Thomas on October 29, 2009. *Id.* at 429. He noted that Plaintiff had tenderness in the iliotibial band and the sacroiliac joint. *Id.* Dr. Thomas diagnosed Plaintiff with sacroiliac joint dysfunction. *Id.* During a November 24, 2009 examination, Dr. Thomas noted that a MRI of Plaintiff's lumbar spine showed degenerative disc disease. *Id.* at 462. He also noted that "[i]t was very difficult for [Plaintiff] to lay still and [she] was at the verge of getting into a panic attack." *Id.* Plaintiff underwent a lumbar epidural steroid injection following this examination. *Id.* at 463.

On May 25, 2010, Dr. Thomas noted that Plaintiff suffers from: 1) hypertension; 2) depression; 3) irritable bowel syndrome; and 4) anxiety. *Id.* at 504. Ultimately, Dr. Thomas opined that Plaintiff would not be able to work on a regular and continuous basis "because of her pain as well as depression and significant anxiety." *Id.* at 505.

The undersigned notes that Dr. Thomas' opinions were supported by other evidence in the record. On June 18, 2009, Plaintiff was assessed with avascular necrosis of the right hip. *Id.* at 317. She underwent a right total hip arthroplasty on July 20, 2009. *Id.* at 318-321. Her gait

5

was antalgic on July 31, 2009. *Id*. at 396. Plaintiff reported an increase in pain in her hip area on August 11, 2009, and demonstrated discomfort on full flexion of the hip. *Id*. at 328. It was noted that Plaintiff's anxiety symptoms may have been contributing to her lack of pain control. *Id*. Dr. Prasad Degala noted that Plaintiff walked with a cane. *Id*. at 334, 374.

On January 5, 2010, Plaintiff underwent a functional capacity evaluation. *Id*. at 478. Plaintiff had "difficulty with endurance/physical exertion and materials handling." *Id*. at 477. It was also noted that Plaintiff "was unable to give maximal effort secondary to increased pain and expression of anxiety." *Id*. Ultimately, it was opined that Plaintiff "has a high level of fear-avoidance behaviors which coincides with expression of anxiety regarding hip and low back pain." *Id*. at 477.

Plaintiff was examined by Terri Revelle, a Licensed Psychological Associate.[1] Ms. Revelle diagnosed Plaintiff with major depressive disorder and opined that Plaintiff was "unable to work." *Id*. at 555-562. On December 7, 2010 it was noted that Plaintiff's highest GAF for the past year was 40. *Id*. at 561.

With regard to Dr. Thomas' opinions, the ALJ made the following findings:

> Dr. Thomas' letter of May 25, 2010, regarding the claimant's treatment history and ability to work relies too heavily on the functional capacity evaluation and too little on the claimant's emotional issues. Also of note was the claimant's discharge from the pain clinic as she did not follow the pain contract. Despite her reports of chronic pain she had no Percocet in her system on a urine drug screen. She was supposed to be taking I 0 mg three times a day and obviously was unable to provide a satisfactory explanation. The undersigned also finds, as did Dr. Thomas and the functional capacity evaluation examiners that the claimant's anxiety and significant fear avoidance behavior play a significant role in her pain syndrome. The claimant was referred for psychological counseling. Even though Dr. Thomas opined the claimant was not a candidate for work, the claimant's negative urine drug screen for her prescribed pain medication and her exaggerated psychological perceptions cast doubt on the real component of her pain. As Dr. Thomas acknowledged her electromyography had been normal (Exhibit 26F).

---

1 These records were not available for the ALJ to review, but were considered by the Appeals Council. (Tr. 6-7).

*Id*. at 22.

An ALJ must generally give more weight to the opinion of a treating physician because that doctor is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. 20 C.F.R. § 404.1527(d)(2). However, "[c]ircuit precedent does not require that a treating physician's testimony 'be given controlling weight.'" Craig, 76 F.3d at 590 (*quoting* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Id. See also*, Mastro, 270 F.3d at 178 (explaining "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence") (citation omitted); Wireman v. Barnhart, 2006 WL 2565245, * 8 (W.D.Va. Sept. 5, 2006) (stating an ALJ "may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source . . . if he sufficiently explains his rationale and if the record supports his findings"); 20 C.F.R. § 404.1527(d)(3).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ must weigh the opinion pursuant to the following non-exclusive list: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship between the physician and the claimant; 3) the supportability of the physician's opinion; 4) the consistency of the opinion with the record; and 5) whether the physician is a specialist. 20 C.F.R. § 404.1527. *See also*, Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). The ALJ is not required to explicitly discuss each of these factors in his decision. Warren v. Astrue, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009). Nonetheless, the ALJ's decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to

7

make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." S.S.R. 96–2p, 1996 WL 374188, at *5. *See also*, Farrior v. Astrue, 2011 WL 3157173, * 4 (E.D.N.C. June 1, 2011), *Report and Recommendation Adopted by*, Farrior v. Astrue, 2011 WL 3157150 (E.D.N.C. July 26, 2011).

Here, it not clear whether the ALJ applied the appropriate factors when evaluating Dr. Thomas' opinion. For example, the ALJ states "Dr. Thomas . . . relies too heavily on the functional capacity evaluation and too little on the claimant's emotional issues . . . the claimant's . . . exaggerated psychological symptoms cast doubt on the real component of her pain." (Tr. 22). Because Plaintiff's severe impairments are to be considered by the ALJ in combination, this statement adds little to the analysis. Moreover, Plaintiff argues that the ALJ is essentially substituting his untrained medical opinion for that of a medical profession. (DE-21, pg. 13). The undersigned agrees. *See*, Bonds v. Astrue, 2012 WL 4026561, * 5 (E.D.Va. August 22, 2012)("By independently examining the objective medical evidence, but rejecting all of the physicians' opinions contained in the record, the ALJ essentially substituted his own medical opinion for those of [Plaintiff's] doctors").

In addition, while it is clear that Dr. Thomas' opinions were not deemed controlling by the ALJ, it is not clear what specific weight they were given. *See*, Abbott v. Astrue, 2012 WL 761587, * 6 (D.S.C. March 8, 2012)("Without knowing specifically the weight accorded to [medical] opinions . . . this court is unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard entirely, [them] . . ."). "Unless the [Commissioner] explicitly indicates the weight given to all the relevant evidence, [a district court] cannot determine on review whether the findings are supported by substantial evidence." Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980). *See also*, Harmon v. Apfel, 103 F.Supp.2d

869, 873 (D.S.C. July 5, 2000). Here, the ALJ's discussion does not satisfy these requirements. *See*, Carpenter v. Astrue, 2012 WL 2525602, *4 (E.D.N.C. May 30, 2012), *Report and Recommendation Adopted by*, 2012 WL 2525245 (June 29, 2012); Davis v. Astrue, 2012 WL 5879436 (D.S.C. November 6, 2012).

**Conclusion**

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-20) be GRANTED, and that Defendant's Motion for Judgment on the Pleadings (DE-26) be DENIED. Specifically, it is RECOMMENDED that Defendant's final decision be vacated and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the foregoing directives.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Friday, April 05, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE