IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:12-cv-00123-FL

| | |
|---|---|
| RENEE ELIZABETH VESTER ) | |
| SSN: XXX-XX-7902 ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN ) | |
| Commissioner of Social Security ) | |
| Defendant. ) | |

Plaintiff's counsel has moved for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. For the reasons stated herein, the plaintiff's motion is GRANTED.

## DISCUSSION

The Equal Access to Justice Act provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was "substantially justified" in its litigatory position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the act, the claimant must show that she is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust, and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. See, Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991). Where, as here, the district court ruled in favor of the plaintiff by remanding the matter to the ALJ, the plaintiff is the "prevailing party." See, Shalala v. Schaefer, 509 U.S. 292, 300-302 (1993).

"Once a party establishes prevailing party status, the burden shifts to the Commissioner to demonstrate that his position in the underlying litigation was substantially justified." Dixon v. Astrue, No. 5:06-cv-77-JG, 2008 WL 360989 at *2 (E.D.N.C. Feb 8, 2008)(citations omitted). Substantial justification analysis examines "whether the government acted reasonably in causing the litigation or in taking a stance during the litigation" from the "totality of the circumstances." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993). Here, the Court finds that there is no reason that an award of fees in this case would be unjust. As such, the Court finds in favor of the Plaintiff on eligibility requirements (ii) and (iii).

Finally, the Court considers the procedural aspects of eligibility. Judgment was entered in this matter on May 1, 2013. The government had sixty days to appeal that judgment pursuant to Federal Rule of Appellate Procedure 4(a). When the government failed to appeal this Court's judgment it became a final judgment and the claimant had thirty days from that date to file a petition for attorney's fees under EAJA. The plaintiff filed a petition for fees on July 17, 2013 – within the proper time frame. Additionally, the plaintiff's motion was accompanied by an itemized statement supporting the fees requested and a statement that plaintiff's net worth is less than $2,000,000.00. Plaintiff has requested $5,268.40 in fees and $350.00 in costs.

Having considered the EAJA's eligibility requirements the Court grants the plaintiff's motion.

CONCLUSION

For the foregoing reasons, the plaintiff's motion is granted and the plaintiff is granted fees in the amount of $5,268.40 and costs in the amount of $350.00 pursuant to EAJA.

SO ORDERED.

This is the 8th day of August, 2013.

_____
LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE